IN THE UNITED STATES DISTRICT COURT IN AND FOR THE
SOUTHERN DISTRICT OF FLORIDA

Civil Action No.  12-CV-80146 WILLIAMS/HOPKINS

JOHN KORMAN and PAMELA
KORMAN

        Plaintiffs

Vs

WAGNER & HUNT, P.A. and
AMERICAN EXPRESS CENTURION
BANK, et al

        Defendants
_____/

## DEFENDANT'S MOTION TO DISMISS

COME NOW the Defendants, WAGNER & HUNT, P.A., BRUCE E. WAGNER, DERYL G. HUNT, JR, and JOANNA EVANS, by and through their undersigned counsel and moves this Honorable Court for an order dismissing the Complaint in this cause and as grounds therefore states the following:

1)  The Plaintiffs have multi count complaint setting forth various violations of the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA") allegedly committed by Bruce E. Wagner, Deryl G. Hunt, Jr., Wagner & Hunt, P.A. and Joanna Evans.

2)  The allegations set forth in the Complaint relate to actions alleged to have taken place from March 2008 thru October 2008.

3)  Defendants submit that the claims asserted by the Plaintiffs are untimely.  The federal Fair Debt Collection Practices Act ("FDCPA"), 15 USC 1692k provides for civil liability for violations of the Act.  However, 1692k(d) provides as follows:

> *(d) Jurisdiction:  An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, <u>within one year from the date on which the violation occurs</u>.*

4) The Plaintiffs did not bring this action within one year from October 2008. Therefore, as to any claims asserted by Plaintiffs under the "FDCPA", those claims are precluded by the statute of limitations set forth in 15 USC 1692k(d). Thus, those claims must be dismissed with prejudice.

5) Furthermore, the claims asserted under the Florida Consumer Collection Practices Act ("FCCPA") are precluded under the provisions Florida Statute 559.77 which provides as follows:

> *559.77 Civil Remedies*
>
> *(4) An action brought under this section must be commenced <u>within 2 years after the date the alleged violation occurred</u>*.

6) Again, the claims asserted by the Plaintiffs under the "FCCPA" have been brought after the expiration of the two year statute of limitations provided for in 559.77(4). Consequently, those claims must be dismissed with prejudice.

7) Furthermore, the Plaintiff has named Bruce E. Wagner, Deryl G. Hunt, Jr., and Joanna Evans as individual defendants in this cause. At all times material to the Plaintiff's claims these individuals were acting in their capacity as employees and/or officers of the law firm known as Wagner & Hunt, P.A. and, as such, cannot be held individually liable for any of the alleged offenses outlined in Plaintiff's Complaint. Therefore, as to these individuals, the Plaintiff's Complaint should be dismissed with prejudice.

WHEREFORE, the Defendants, Wagner & Hunt, P.A., Bruce E. Wagner, Deryl G. Hunt, Jr. and Joanna Evans, pray this Honorable Court will enter an order granting the relief sought herein dismissing Plaintiff's Complaint with prejudice and granting the Defendants an award of attorneys fees and costs incurred in defending this case.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of July 2010 I caused the foregoing to be electronically filed with the U.S. District Court, Southern District of Florida, Miami, Florida

and forwarded the same via U.S. mail to the following: Mr. John Korman, 934 S. W. 21st Way, Boca Raton, Florida 33486 and to Pamela Korman, 934 S. W. 21st Way, Boca Raton, Florida 33486.
.

By: _____/s/ Dorothy V. Maier_____
Dorothy V. Maier, Esq.
Florida Bar # 338176
WAGNER & HUNT, P.A.
Post Office Box 934788
Margate, Florida 33093-4788
Telephone: 1-954-295-0470
Fax # 10954-935-6976
e-mail: dorothymaier
@wagnerandhuntlaw.com