UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
12-CV-80146WILLIAMS/HOPKINS

JOHN KORMAN,
PAMELA KORMAN,
    Plaintiffs,

vs.

AMERICAN EXPRESS BANK, FSB.,
AMERICAN EXPRESS CENTURION BANK,
BRUCE E. WAGNER, ESQUIRE,
DERYL G. HUNT JR., ESQUIRE,
JOANNA C. EVANS, ESQUIRE,
WAGNER & HUNT, P.A.,
    Defendant(s).
_____/

## MOTION TO DISMISS PLAINTIFFS' COMPLAINT

COMES NOW Defendants, AMERICAN EXPRESS BANK, FSB, and AMERICAN EXPRESS CENTURION BANK, by and through their undersigned attorney and hereby files this Motion to Dismiss Plaintiffs' Complaint, and as grounds thereof, states as follows:

## STANDARD OF LAW

When considering a Motion to Dismiss, the Court must accept all of the Plaintiff's allegations as true. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). However, the Court need not accept the Plaintiff's legal conclusions as true. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Further, "a Court's duty to liberally construe a Plaintiff's Complaint in the face of a Motion to Dismiss is not the equivalent of a duty to re-write it for [him]." Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993).

"To survive a Motion to Dismiss, a Complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949. "A claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." Id. "While

a Complaint attacked by Rule 12(b)(6) Motion to Dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In the case at bar, Federal Rule(s) of Civil Procedure 8(d), 10(b) and 12(b)(6) are applicable in analyzing the sufficiency of Plaintiffs' Complaint.

### PLAINTIFF'S COMPLAINT MUST BE DISMISSED IN ITS ENTIRETY SINCE DEFENDANTS, AMERICAN EXPRESS BANK, FSB., AND AMERICAN EXPRESS CENTURION BANK, ARE NOT SUBJECT TO FDCPA REQUIREMENTS, AND NOT DEBT COLLECTORS IN THIS ACTION, BUT RATHER CREDITORS MAINTAINING THE ACTION IN THE CREDITORS' OWN NAME.

It is well-settled and established law that the Fair Debt Collection Practices Act ("FDCPA") prohibits abusive debt collection practices by debt collectors only and it does not apply to creditors, such as AMERICAN EXPRESS BANK, FSB., AND AMERICAN EXPRESS CENTURION BANK. In the case at bar, Plaintiffs have alleged violations the FDCPA, which is a Federal Statutes that applies to "debt collectors." AMERICAN EXPRESS BANK, FSB., AND AMERICAN EXPRESS CENTURION BANK are not a debt collectors in this action, but the creditors maintaining the action in the creditor's own name, and are therefore not subject to the FDCPA's requirements. See e.g. Harrison v. NBC, Inc., 968 F. Supp. 837 841 (E.D.N.Y. 1997) (Court dismissed FDCPA claim against creditor because it was not a debt collector); Bleich v. Revenue Maximization Group, Inc., 239 F. Supp. 2d 262 263-264 (E.D.N.Y. 2002) (Court granted creditor's summary judgment motion dismissing the FDCPA claim against the creditor on the ground the creditor was attempting to collect its own debt and was not a debt collector, stating, "by its terms, the FDCPA limits its reach to those collecting the debts 'of another' and does not restrict the activities of creditors seeking to collect their own debts.").

As the FDCPA is applicable only to debt collectors, as defined by the statutes, creditors themselves are specifically exempted from the statutes' requirements. See, also, Maguire v. Citicorp Retail Services, Inc., supra, 147 F.3d at 232 (2nd Cir., 1998) (holding that, "[a]s a general matter, creditors are not subject to the FDCPA.); Nielsen v. Dickerson, 307 F.3d 623, (7th Cir., 2002)

(stating that "[b]ecause the FDCPA defines a 'debt collector' as a person who endeavors to collect the debts owed to 'another,' 15 U.S.C. § 1692a(6), creditors who are attempting to collect their own debts generally are not considered debt collectors under the statute."); Russell v. Standard Federal Bank, 2000 WL 1923513 (E.D.Mich., 2000); KPMG Peat Marwick v. Texas Commerce Bank, 976 F.Supp. 623 (S.D.Tex., 1997) (holding that a creditor-bank's conduct on its own behalf could not subject it to liability under the FDCPA, as a creditor could not be a "debt collector" under the FDCPA.). Defendants, AMERICAN EXPRESS BANK, FSB., AND AMERICAN EXPRESS CENTURION BANK, are clearly not debt collectors in this action, but the creditor maintaining the action in the creditors' own name, and therefore not subject to the FDCPA's requirements. Monogram Credit Card Bank of Georgia v. Mata, 195 Misc., 2d 96 757 NY. 2d 676 (N.Y. City Civ. Ct. N.Y. Co. 2002).

Congress explicitly made the FDCPA applicable only to "debt collectors" and not to creditors because, as the legislative history shows, Congress recognized that debt collectors and not creditors, were the primary source of collection abuses:

> Unlike creditors, who generally are restrained by the desire to protect their good will when collecting past due accounts, independent collectors are likely to have no future contact with the consumer and often are unconcerned with the consumer's opinion of them. (S. Rpt. No. 95-382, 95th Cong., 1st Sess., reprinted in 1977 U.S. Code Cong. & Admin. News 1695-1696.)

The FDCPA defines a "creditor" as "any person who offers or extends credit creating a debt or to whom a debt is owed." See, 15 U.S.C.A. § 1692a(4). Therefore, Courts routinely dismiss causes of action against creditors, such as AMERICAN EXPRESS BANK, FSB., AND AMERICAN EXPRESS CENTURION BANK, who are attempting to collect their own debt on the grounds that, as a matter of law, a creditor cannot be liable for any alleged violation of the FDCPA. For example, in Bleich v. Revenue Maximization Group, Inc. 239 F. Supp. 2d 262 (E.D.N.Y. 2002), the court granted the creditor hospital' motion for summary judgment dismissing the claim against it for alleged violation of the FDCPA and held: "The FDCPA prohibits deceptive and misleading practices by "debt collectors." 15 U.S.C. § 1692e. The statute specifically defines debt collectors as those engaged in "any business the principle purpose of which is the collection of any debts, or who regularly collects or attempts to collect ... debts owed or due or asserted to be owed or due another."

15 U.S.C. § 1692e. Thus, by its terms, the FDCPA limits its reach to those collecting the debts "of another" and does not restrict the activities of creditors seeking to collect their own debts. Id., 239 F. Supp. 2d at 263-264.

Based upon well settled law governing FDCPA violations, as indicated above, AMERICAN EXPRESS BANK, FSB., AND AMERICAN EXPRESS CENTURION BANK are not debt collectors in this action and therefore, may absolutely not be held liable for violations of the FDCPA, even if its agents and/or independent collection agencies commit such violations. See, e.g., Lewis v. ACB Business Services, Inc., supra, 135 F.3d 389 at 411 (6th Cir., 1998) (holding that AMERICAN EXPRESS is not liable under agency principals for alleged violation of the FDCPA by an independent debt collector); Wadlington, et al., v. Credit Acceptance Corporation, et al., 76 F.3d 103, (6th Cir., 1996); (holding that "[w]e do not think it would accord with the intent of Congress, as manifested in the terms of the Act, for a company that *is not a* debt collector to be held vicariously liable for a collection suit filing that violates the Act only because the filing attorney is a 'debt collector.'

The Courts have interpreted the FDCPA and held that a creditor may not be held liable under the FDCPA, unless one is a 'debt collector' within the meaning of the Act. Caron v. Charles E. Maxwell, P.C., et al., 48 F.Supp.2d 932 (D. Arizona, 1999); Harrison v. NBD, Inc., supra, 968 F.Supp. 837 at 843-844 (E.D.N.Y., 1997) (stating that "[c]learly, a creditor which retains a non-affiliated debt collector would not be subject to the FDCPA."); Williams v. Thomas Pontiac—GMC—Nissan—Hyundai, 1999 WL 787488 (N.D.Ill., 1999) (dismissing plaintiff's claim against creditor for alleged FDCPA violation by its agent/debt collector, because "Thomas Pontiac is not a 'debt collector' under the FDCPA merely because it retained a collection agency to collect its debt."); Kloth v. Citibank (South Dakota), N.A., 33 F.Supp.2d 115 (D. Connecticut, 1998) (Holding that credit card issuer Citibank, "is not a 'debt collector' under the FDCPA merely because it retains a collection agency to collect its debts."); Farber v. NP Funding II L.P., 1997 WL 913335 (E.D.N.Y., 1997) (stating that "[defendant] must be a debt collector in order to be liable under the FDCPA for either its own actions or the actions of its agents," and, at footnote seven, that "a creditor is not liable under the FDCPA for either its own debt collection attempts or the debt collection attempts of its agents."). Thus, as set forth above, as American Express is not a debt collector, but a creditor as defined by FDCPA, they may absolutely not be held liable for violations of the FDCPA, and more importantly may not be held liable even if its agents and/or independent

collection agencies commit such violations.

Section 1692(k) of the FDCPA imposes liability only on a 'debt collector' who fails to comply with [a] provision of this subchapter ...' 15 U.S.C. § 1692k(a) (emphasis supplied). Lowe v. Surpas Resource Corporation, et al., 253 F.Supp.2d 1209 (D. Kansas, 2003); Flamm, v. Sarner & Associates, P.C., 2002 WL 31618443 (E.D.Pa., 2002) (stating that "[a]n entity which itself meets the definition of 'debt collector' may be held vicariously liable for unlawful collection activities carried out by another on its behalf. Conversely, a creditor that does not itself meet the definition of a 'debt collector' is not vicariously liable." (Emphasis Added and Internal citations omitted).); Gary v. Goldman & Company and Mandee's, 180 F.Supp.2d 668 (E.D. Pennsylvania, 2002); Havens-Tobias v. Eagle, 127 F.Supp.2d 889 (S.D. Ohio, 2001) (dismissing plaintiff's FDCPA claim, that was premised upon plaintiff's "allegations . . . that Defendant . . . is somehow vicariously liable for the acts and/or omissions of the other Defendants to this action," because "the law does not provide a basis for such a claim. AMERICAN EXPRESS BANK, FSB., AND AMERICAN EXPRESS CENTURION BANK are not a debt collector in this action, but the creditors maintaining the action in the creditor's own name, and are therefore not subject to the FDCPA's requirements.

### PLAINTIFFS' COMPLAINT MUST BE DISMISSED IN ITS ENTIRETY , PURSUANT TO RULE(S) 8(d) 10(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Plaintiffs' Complaint fails to comply with Rule 8(d), of the Federal Rules of Civil Procedure, which requires each allegation to be simple, concise, and direct. The Complaint is nothing more than a collection of co-mingled factual allegations with random unrelated legal citations scattered throughout. Plaintiffs' Complaint must be dismissed in its entirety since each claim is not stated in a separate count, pursuant to Rule 10(b) of the Federal Rules of Civil Procedure. Plaintiffs have filed this Consumer Protection Complaint against Defendants, AMERICAN EXPRESS BANK, FSB, and AMERICAN EXPRESS CENTURION BANK, on February 14, 2012, alleging violations of "Fair Debt Collection Practices Act, False Claim, Stellionate, Unjust Enrichment, and Professional Negligence." Plaintiffs' Complaint falls short of the high threshold standard of the Federal Rules of Civil Procedure and case law discussed below. Rule 10(b), of the Federal Rules of Civil Procedure, requires each claim, founded on a separate transaction or occurrence, to be stated in a separate count. Pursuant to Rule 10(b), counts founded

upon a separate transaction or occurrence must only be made against one Defendant. Contrary, Plaintiffs' Complaint combines separate transactions into one cause of action, and asserts each claim against six (6) unrelated Defendants.

Under The City of Fort Lauderdale v. Scott, 773 F.Supp 2d 1355, 1362 (S.D. Fla., 2011), the court granted Defendant's Motion to Dismiss based on Plaintiff's non-compliance with Federal Rule 10(b). In Scott, Plaintiff did not differentiate his claims against each Defendant. Rather, Plaintiff combined each claim against the The City of Fort Lauderdale and an individual Defendant. The court in Scott explained "If the Counter-Plaintiffs' allegations are intended to state that every action taken by the City was done either by Defendant Battle or persons acting under his orders, then Plaintiff must allege facts in a pleading that meet the elements of such a claim." The differentiation of claims required under the Scott holding was never complied with by the Plaintiffs in the instant action. In the case at bar, Plaintiffs assert each claim, founded upon separate transactions or occurrences, against six unrelated Defendants.

Similarly, the court in Anderson v. District Bd. of Trustees of Cent. Florida Community College, 77 F.3d 364, 366 (C.A.11 (Fla.), 1996) followed the opinion under the Scott by instructing Plaintiff's to separate each claim against each Defendant, pursuant to Federal Rule 10(b). District Bd. of Trustees at 366. In District Bd. of Trustees, the Plaintiff, James R. Anderson, asserted several claims for relief against a multitude of Defendants. The Court in District Bd. of Trustees had difficulty differentiating Plaintiff's claims against each Defendant, and explained "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Id. The court further explained "Under the Federal Rules of Civil Procedure, a defendant faced with a complaint such as Anderson's is not expected to frame a responsive pleading. Id. Moreover, with the shotgun pleading out of the way, the trial judge will be relieved of 'the cumbersome task of sifting through myriad claims, many of which [may be] foreclosed by [various] defenses. Fullman v. Graddick, 739 F.2d 553, 557 (11th Cir. 1984). "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." Anderson v. District Bd. of Trustees of Cent. Florida Community College, at 367. Therefore, under the prevailing case law and the clear language of the Federal Rules of Civil Procedure itself, Plaintiffs in the instant case failed to meet the strict requirements of Federal Rule 10(b). As such, Defendants, AMERICAN EXPRESS BANK FSB., and AMERICAN EXPRESS

CENTURION BANK, are unable to prepare a reasonable response, and Plaintiffs' Complaint should be dismissed as a matter of law.

## PLAINTIFFS' COMPLAINT MUST BE DISMISSED IN ITS ENTIRETY AS IT FAILS TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED, PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

"To survive a Motion to Dismiss, a Complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949. "A claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." Id. "While a Complaint attacked by Rule 12(b)(6) Motion to Dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In the case at bar, Plaintiffs' Complaint failed to state a cause of action since it does not set forth any of the requisite elements of the claim as pled. Instead, the Complaint consists merely of a series of co-mingled factual allegations directed at multiple parties which do not make clear under what theory of law Plaintiffs are claiming damages against which Defendants.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been furnished by U.S. Mail to Plaintiffs, JOHN KORMAN AND PAMELA KORMAN, 934 SW 21ST WAY, BOCA RATON, FL, 33486, and to the Clerk of Court this 5th day of MARCH, 2012.

HENSCHEL & BEINHAKER, P.A.
3475 Sheridan Street, Ste. 305
Hollywood, Florida 33021
(954) 964-4780
By: ___S/Drew Beinhaker___
    DREW BEINHAKER, ESQ.
    FBN: 0163538